Filed 5/13/26  P. v. Kopp CA4/1
Opinion on remand from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTI J. KOPP et al.,<br><br>    Defendants and Appellants. | D072464<br><br><br><br>(Super. Ct. No. SCN327213) |

APPEAL from a judgment of the Superior Court of San Diego County, Harry M. Elias, Judge.  Affirmed in part; reversed in part; remanded with instructions.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant Christi J. Kopp.

Rebecca P. Jones, under appointment by the Court of Appeal, for Defendant and Appellant Jason Samuel Hernandez.

Rob Bonta, Attorney General, Arlene A. Sevidal, Assistant Attorney General, Daniel Rogers and Adrian R. Contreras, Deputy Attorneys General, for Plaintiff and Respondent.

This case is before us on remand from the Supreme Court.

In 2019, we affirmed in part and reversed in part Christi J. Kopp's and Jason Samuel Hernandez's criminal convictions. (*People v. Kopp* (2019) 38 Cal.App.5th 47, 98.) This resulted from the trial court's failure to conduct a hearing to determine Hernandez's ability to pay certain assessments and fines before imposing them. (*Id.* at p. 57.) It also involved an instructional error concerning the jury's determination as to whether there were one or two conspiracies and intervening ameliorative legislation in Senate Bill No. 1393 (2017–2018 Reg. Sess.) (giving trial courts discretion to strike prior serious felony conviction enhancements). (*Id.* at pp. 56-57.) We reversed their convictions for conspiracy to dissuade a witness (Pen. Code, §§ 136.1, 182, subd. (a)(1); count 4), remanded to the trial court to hold an ability to pay hearing and resentencing, and affirmed in all other respects. (*Kopp,* 38 Cal.App.5th at p. 98.)

In 2025, after granting Hernandez's petition for review, our Supreme Court vacated the unpaid portion of the restitution fine due to intervening legislation and clarified the standards applied when a defendant challenges the imposition of certain fines and fees on the grounds that they are unlawful because he cannot afford to pay them. (*People v. Kopp* (2025) 19 Cal.5th 1, 31.) The Court reversed with directions to "remand the matter to the superior court for further proceedings in accordance with this opinion as to the imposition of fines and ancillary costs" and affirmed our opinion in all other respects. (*Ibid.*)

In March 2026, Hernandez filed a supplemental brief claiming he is entitled on remand to (1) a full resentencing hearing and (2) all the benefits of all intervening ameliorative changes in the law, including Assembly Bill No. 333 (gang allegations) and the Racial Justice Act. Kopp joined

2

Hernandez's arguments.  Following our directions, the People filed a response.

I.

Because his conviction is not final on direct review, Hernandez maintains he is entitled to the benefit of various intervening changes in the law, including Assembly Bill No. 333 (gang allegations) and the Racial Justice Act.  Assembly Bill No. 333, for example, limits what predicate offenses the People can now use to prove a group is a criminal street gang under Penal Code section 186.22.  (*People v. Lamb* (2024) 16 Cal.5th 400, 448.)

The People contend we do not need to decide what intervening laws apply retroactively and whether their application requires any retrial or change in sentence.  (Citing *People v. Buza* (2018) 4 Cal.5th 658, 693 [courts "abide by . . . 'cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more'"].)  According to the People, on remand the trial court should address in the first instance what intervening ameliorative changes in the law apply to Kopp and Hernandez.  We agree.

Our prior opinion already required a remand for unrelated reasons. (*Kopp*, 38 Cal.App.5th at p. 98.)  And, as noted above, our Supreme Court reversed with directions to "remand the matter to the superior court for further proceedings in accordance with [its] opinion as to the imposition of fines and ancillary costs" and affirmed our opinion in all other respects. (*Kopp*, 19 Cal.5th at p. 31.)  Thus, on remand, Kopp and Hernandez can ask the trial court "to provide relief under applicable ameliorative laws, such as Assembly Bill [No.] 333." (*People v. Lopez* (2025) 17 Cal.5th 388, 400.)

Hernandez is nevertheless concerned that "[n]either disposition order expressly allows [him] to raise arguments related to every possible

3

ameliorative law once his case is returned to San Diego County Superior Court for further proceedings." He thus specifically "requests a remand order that expressly permits the superior court to address all of the new sentencing laws, as well as any appropriate challenges under the [Racial Justice Act]." The People do not oppose this request. To ease this concern, we direct the trial court to determine in the first instance the applicability of all relevant intervening ameliorative changes in the law.

## II.

Kopp's and Hernandez's respective convictions under count 4 are reversed and remanded. On remand, the trial court must (1) conduct further proceedings in accordance with *People v. Kopp* (2025) 19 Cal.5th 1, as to the imposition of fines and ancillary costs and (2) evaluate Kopp's and Hernandez's claims for relief under relevant intervening ameliorative sentencing laws, including but not limited to Senate Bill Nos. 81, 483, 567, and 1393; Assembly Bill Nos. 333 and 518, as well as any appropriate challenges under the Racial Justice Act. In all other respects, we affirm the judgment.

CASTILLO, J.

WE CONCUR:

IRION, Acting P. J.

BUCHANAN, J.

4